SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

----------------------------------------------------------------X

In Re: NEW YORK CITY ASBESTOS LITIGATION      **Index No.: 190195-17**

----------------------------------------------------------------X

This Document Relates To:

Frederick G. Brown

                                                                                **PLAINTIFF'S RESPONSE TO**
                                                                                **DEFENDANTS' FOURTH**
                                                                                **AMENDED**
----------------------------------------------------------------X                 **INTERROGATORIES AND**
                                                                                **REQUEST FOR PRODUCTION**
                                                                                **OF DOCUMENTS**

## PLAINTIFF'S RESPONSES TO DEFENDANT'S FOURTH AMENDED STANDARD SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

Defendants, pursuant to CPLR 3130 and in accordance with Section VIII(A)(1)(b) of the February 19, 2003 Amended Case Management Order ("CMO"), propound the following interrogatories to plaintiffs, to be answered under oath within the time period specified by the CMO, and, pursuant to CPLR 3120 and in accordance with Section VIII (B)(2)(b) of the CMO, request that plaintiffs produce (with copies to each defendant) such documents within the time period specified by the CMO.

These interrogatories are continuing in character and require you to file supplementary answers if you obtain further or different information after serving your initial answers and before trial, including in such supplemental answers the date upon and the manner in which such further or different information came to your attention.

## PRELIMINARY STATEMENT AND OBJECTIONS

Plaintiff, by and through his attorneys objects to Defendants' Fourth Amended Standard Set Of Interrogatories And Request For Production Of Documents, as well as the Explanation and Definitions and Instructions contained therein ("Interrogatories"), to the extent that they seek to impose upon plaintiff obligations or burdens which are greater than, or inconsistent with New York law.

Plaintiff further objects to these Interrogatories and to each individual request and/or interrogatory, to the extent that they seek information or request the production of documents that are protected from disclosure by the attorney-client privilege, the work product doctrine, and any other applicable privilege or doctrine protecting such documents from disclosure. The production of any document prepared by the plaintiff's attorneys is not a waiver of any privilege. The inclusion of or reference to any attorney's name on any responses is not a waiver of any privilege. Moreover, the documents produced are confidential and may not be disclosed other than to counsel, a party, the court or an expert

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

i

in this action without order of the Court. Plaintiff, by providing documents in response to these Interrogatories specifically does not admit the competency, relevancy, materiality, privilege and/or admissibility of such document or of the information or subject matter. Should any such disclosure by Plaintiff occur, it is inadvertent and shall not constitute a waiver of any privilege.

Plaintiff has not completed investigating the facts relating to her case, has not completed her discovery, and has not completed preparing her case. Therefore, these responses are preliminary and without prejudice to plaintiff's right to discover and/or produce evidence of additional facts and/or additional evidence of existing facts. Plaintiff has made a good faith effort to respond to the Interrogatories, but reserves the right to object to, and to move to have vacated, all of these Interrogatories.

Plaintiff objects to the Interrogatories, and to each individual request and/or interrogatory, to the extent that they seek information that is not within plaintiff's own first-hand knowledge or request the production of documents that are not within plaintiff's possession, custody or control.

Plaintiff further objects to the Interrogatories as overly broad and burdensome and demanding an investigation into matters which are neither relevant to these proceeding nor designed to lead to the discovery of evidence relevant to these proceedings.

Plaintiff does not waive and specifically preserves the following objections:

1. Any and all objections to the competency, relevancy, materiality, privilege and admissibility of the information or the subject matter thereof, as evidence for any purpose and any proceeding in this action (including trial) and in other actions.

2. The right to object on any grounds at any time to demand for further responses or further documents to these or any other discovery requests or other discovery proceedings involved or related to the subject matter of the discovery to which information or documents are provided; and,

3. The right at any time to review, correct, add to, supplement or clarify any of these responses.

These objections are incorporated by reference into any amendment and/or supplement to these interrogatories. Moreover, each of these objections is incorporated by reference into to each specific response without regard to whether an additional objection is made in such response.

Subject to these objections and reservations, plaintiff, by and through his attorneys, responds as follows:

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

2

## INTERROGATORY ANSWERS
## FOR FREDERICK G. BROWN

1Q. State the following:
- (a) your full name, and all other names by which you have been known;
- (b) age, and date and place of birth;
- (c) whether you were an adopted child;
- (d) present marital status, date of current marriage, spouse's maiden name, dates of any prior marriages and the names of any prior spouses, if applicable;
- (e) present home address;
- (f) social security number.

**1A. (a) Frederick G. Brown, Freddy, Fred**
- **(b) 81;■1935; Manhattan**
- **(c) Birth Child**
- **(d) Married; Diana Brown (Miceli) 12/9/1961**
- **(e) 1017 Bayside Rockaway Point, NY 11697**
- **(f) ■■■-8396**

2Q. State the following with regard to your father and mother:
- (a) Name;
- (b) Current address (if deceased, state last known address);
- (c) The current condition of each one's health, including any specific medical problems;
  If either of the decedent's parents is deceased, please state for each deceased parent:
- i. Specific medical problems;
- ii. Date and place of death;
- iii. Age and cause of death for each parent.

**2A. (a) Father: Frederick Brown**
**(b) 380 87th Street, Brooklyn NY**
**(c) Deceased**
- **(i) Bone Cancer**
- **(ii) 3/3/1979; Brooklyn, NY**
- **(iii) 76; Cancer**

**(a) Mother: Laura Brown**
**(b) 438 69th Street, Brooklyn NY**
**(c) Deceased;**
- **(i) None**
- **(ii) Ireland**
- **(iii) 81; Heart Attack**

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

3

3Q. State the following with regard to each of your children:
- (a) full name;
- (b) age, date and place of birth;
- (c) sex;
- (d) current address;
- (e) social security number;
- (f) whether birth child or adopted child; and
- (g) current state of each one's health. If any of your children are deceased, state for each deceased child:
  - i. specific medical problems;
  - ii. age and date and place of death; and
  - iii. cause of death for each child.

**3A.** (a) **Stephanie Brown**
- (b) **51; ▇/66**
- (c) **Female**
- (d) **125 Beach 124th Street #2 Belle Harbor 11694**
- (e) **Unknown**
- (f) **Birth Child**
- (g) **None**

**3A.** (a) **Douglas Brown**
- (b) **46; ▇ 1970**
- (c) **Male**
- (d) **125 Beach 124th Street #2 Belle Harbor 11694**
- (e) **Unknown**
- (f) **Birth Child**
- (g) **None**

**3A.** (a) **David Brown**
- (b) **54; ▇ 1962**
- (c) **Male**
- (d) **Unknown**
- (e) **Unknown**
- (f) **Birth Child**
- (g) **Deceased**
  - i. Pancreatitis
  - ii. 35, Brooklyn, 9/30/1997
  - iii. Pancreatitis

4Q. State the complete address of all places you have resided since birth giving the inclusive dates of residence for each place named and as to each state:
- (a) fuel used for heating and cooking;
- (b) significant home improvements (e.g., additions, insulations, re-wiring, etc.);

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

4

(c) number of family units co-occupying said structure.

**4A. 1991 to Present   1017 Bayside Breezy Point, NY 11697**
                            (a) Gas
                            (b) Drywall/Demolition
                            (c) Single

**1969 to 1995   1685 East 21st Brooklyn, NY 11210**
    (a) Oil
    (b) Vinyl asbestos (Basement/Kitchen in 1970's)
     - Drywall (3 rooms + attic)
     - Removed asbestos from pipes leading to + from boiler
     - Receptacles
     - Insulation (Spray inside walls)
    (c) Single

**1965 to 1969   11-67 69th or 70th Street Brooklyn, NY**
    (a) Unknown
    (b) Unknown
    (c) Apartment

**1961 to 1965   66th Street and 20th Avenue Brooklyn, NY**
    (a) Oil
    (b) None
    (c) Apartment

**1940 to 1961   438 69th Street Bay Ridge, NY**
    (a) Coal
    (b) Finish Electrical work, tile, drywall in kitchen
    (c) Apartment

**1935 to 1940   134th Street and Amsterdam**
    (a) Coal
    (b) None
    (c) Apartment

5Q. For every physician or other health care provider who ever tested, treated, consulted with or examined you up to and including the present date, for any reason whatsoever, please state the following separately as to each:

(a) name and address of physician or health care provider and, if ongoing, the approximate frequency of said treatment and   services;
(b) date(s) of test, examination and/or treatment;
(c) symptoms complained of at the time, if any;

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

(d) any diagnosis made;

(e) treatment or examination given and reason for treatment or examination; and;

(f) any drugs or medications prescribed.

5A. **Although it is possible that plaintiff may have consulted other doctors, nurses and health care providers, at the present time, plaintiff is aware of the following doctors and treatment rendered:**

**Dr. Michael Crismali, Family PCP**
**Advantage Care Physicians Kings High way center**
**3245 Nostrand Avenue Brooklyn, NY 11229**

**Dr. Reyes**
**Thoracic Surgeon**
**Unknown**

**Dr. Gary Gwertzman**
**Coronary Artery**
**3131 Kings Highway Brooklyn, NY 11234**

**Dr. Yoshiharra**
**Orthopedic Surgery**
**450 Clarkson Avenue Brooklyn, NY 11203**

**Dr. Greenstein**
**Kings Highway Medical Group Prostate Cancer**

**Dr. Edelstein**
**2382 East 13 Street, Brooklyn, NY 11229**

**Dr. Ahmed**
**(Stroke)**
**East 21st Street Avenue X Brooklyn, NY**

**Dr. Anthony Maniscalco**
**117 70th Street Brooklyn, NY 11209**

**Dr. Aditya Maheshwari**
**Suny Downstate Medical Center**
**450 Clarkson Avenue Brooklyn, NY 11203**

**Dr. Samantha Jagger**
**Cardiologist**
**447 Atlantic Avenue Brooklyn, NY 11217**

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

6

**Authorizations have been provided to RecordTrak.**

6Q.  For every hospital, clinic or health care institution in which you have ever been admitted, treated, tested, or examined, whether as an "in-patient" or as an "out-patient," please state the following for each such visit:

   (a) name and address of the facility;
   (b) dates and description of test, treatment, examination or hospitalization and, if ongoing, the approximate frequency of said treatment and services; and
   (c) reason for visit to the facility.

**6A. Although it is possible that plaintiff may have been treated or examined in other institutions, at the present time plaintiff is aware of the following institutions and treatment rendered:**

   **Methodist Hospital (NY Presbyterian)**
   **506 6th Street**
   **Brooklyn, NY 11215**

   **Mount Sinai**
   **3201 Kings Highway**
   **Brooklyn, NY 11234**

   **Suny Downstate Medical Center**
   **450 Clarkson Avenue**
   **Brooklyn, NY 11203**

   **Authorizations have been provided to RecordTrak.**

7Q.  State each of your asbestos-related injuries and/or diseases, describe the nature of those symptoms that you contend are related to your asbestos-related condition(s), and state the date when you first experienced each such symptom and the date of diagnosis and the name of any diagnosing physician and, if different, indicate the date you first became aware of the diagnosis.

**7A.  Plaintiff was diagnosed with lung cancer in April 2017. At various and numerous times, plaintiff has experienced a variety of different and differing symptoms related to his injury which are numerous and frequent.**

8Q.  Describe any pain, incapacity, inability to lead a normal life, inability to work, or disability (including retirement) alleged to have resulted from your medical conditions), including the date and basis therefore.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

7

**8A.** Since his diagnosis with lung cancer, Plaintiff has experience increasing Shortness of breath, fatigue, lost 3lbs and 4inches in height.

Plaintiff's asbestos-related condition has disrupted his life, limiting him everyday activities and interfered with his living a normal life.

9Q. Have you ever had any biopsies or tissue samples taken? If so, please state for each such procedure:
   (a) the name of each physician performing such procedures;
   (b) the address where such procedures were performed;
   (c) the date when such procedures were performed; and
   (d) the results, conclusions, and/or diagnosis arising from such procedures.

**9A. (a-d) See answers 5 and 6 as well as Plaintiff's medical records.**

10Q. Have you ever had any chest x-rays, CT Scans and/or pulmonary function tests? If so, state:
   (a) the dates and places;
   (b) the reasons;
   (c) the results and/or diagnosis resulting there from;
   (d) the location of all chest X-ray and CT Scan films; and provide appropriate authorization to obtain all X-rays, CT Scans and pulmonary function tests.

**10A. (a-d) See answers 5 and 6 as well as Plaintiff's medical records.**

11Q. Have you ever been exposed to, used, inhaled or ingested any of the following substances on a regular basis or at work. If so, state the date(s), place(s), and circumstances thereof.

| | | |
|---|---|---|
| (a) acids | (o) coal dust (coal) | (ac) nuclear radiation |
| (b) aluminum | (p) coal tar | (ad) ozone |
| (c) ammonia | (q) cotton dust | (ae) petroleum distillates |
| (d) arsenic | (r) epoxy | (af) phoshene |
| (e) barium | (s) ethanol | (ag) radiation |
| (f) beryllium | (t) grinding dust | (ah) silica |
| (g) butanol | (u) iron | (ai) titanium |
| (h) cadmium | (v) isocyanates | (aj) toluene |
| (i) carborundum | (w) isopropanol | (ak) welding smoke or |
| (j) chloroethylene | (x) lead | fumes |
| (k) chlorine | (y) live chickens | (al) zylene |
| (l) chromate | (z) manganese | (am) zinc. |
| (m) chromate | (aa) nickel | |
| (n) chromium | (ab) nitrogen dioxide | |

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

8

**11A. Plaintiff is unaware of exposure to any of these substances on a regular basis.**

12Q. Do you use or have you ever used cigarettes, cigars, pipes, smokeless tobacco, or any other tobacco substance, from birth to the present time? If so, state the following:
   (a) the brand and type of tobacco product(s) used (e.g., filter, non-filter, chewing tobacco);
   (b) the dates during which you used each such product;
   (c) the amount of the product used per day, during each period of time (e.g., 2 packs of cigarettes per day);
   (d) whether you have ever been told by a physician that you are or were suffering from any disease or illness caused by or contributed to by tobacco; and
   (e) whether you were ever advised by any physician or any other person that use of tobacco products could adversely affect your health and whether you were ever advised to stop using tobacco products, and if so, identify each physician or person who gave you any such advice, the dates on which the advice was given, and state exactly what, if anything, you did in response to that advice.

**12A. (a) Palmal, Chester field (unfiltered), Wings, Viceroy-Filtered, Marlboro-Filtered**
   **(b) 1995 to Mid-1970's**
   **(c) Approximately 1 pack per day**
   **(d) Plaintiff was never told by his physician that his disease was caused by smoking.**
   **(e) No.**

13Q. For each spouse and member of your household, from your birth to the present time, state whether they use or have ever used cigarettes, cigars, pipes, smokeless tobacco, or any other tobacco substance, and if so, state the following:
   (a)   the brand and type of tobacco product(s) used (e.g., filter, non-filter, chewing tobacco); and
   (b)   the dates during which they used each such product.

**13A. Plaintiff's Father**
   **(a) Dunhill-Filtered**
   **(b) Entire Life**

   **Plaintiff's Mother**
   **(a) Unknown**
   **(b) Entire Life**

   **Plaintiff's Spouse**

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

9

(a) Viceroy.
(b) Marriage – 1991.

**Plaintiff's Sister**
**(a) Viceroy, Belair**
**(b) Unknown.**

**Plaintiff's Aunt**
**(a) Viceroy, Benson & Hedges, Belair**
**(b) Unknown.**

14Q. Do you presently consume or have you in the past consumed alcoholic
beverages. If so, state the following:
   (a)  the type of alcoholic beverages consumed;
   (b)  the dates during which you consumed each such alcoholic beverage;
   (c)  the amount of such beverage you consumed per day during each period
      of time; and
   (d)  whether you have ever been treated for any illness or disease related to
      your consumption of alcoholic beverages.

**14A. (a) Beer.**
    **(b) Daily.**
    **(c) Daily.**
    **(d) No.**

15Q. Have you ever been a member of the Armed Forces of the United States? If so,
state the following:
   (a)  the branch of the service, serial number, and highest rank held;
   (b)  the beginning and ending dates of military service;
   (c)  the type of discharge received;
   (d)  whether you received any injury or incurred any illness during military
      service; and
   (e)  if you received a medical discharge, attach a copy hereto and set forth the
      medical reasons.

**15A. (a) US Air Force, Military Police, 11285795.**
    **(b) 1959 – 1962**
    **(c) Honorable**
    **(d) No**
    **(e) Plaintiff did not receive medical discharge**

16Q. As to each and every employer (including military service) you have had from
the time you were first employed until the present, set forth the following:
(Use attached Chart A)

Include on the chart all employers where you have worked, and all job sites,

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

regardless of whether or not you believe you were exposed to asbestos during the employment. Also, include the source of any product identification information provided on Chart A.

**16A. See attached Chart A; Defendants are also directed to Plaintiff's Social Security Printout which may be obtained from RecordTrak.**

17Q. Please state the following with respect to each Asbestos-Containing Product identified on Chart A:
    (a)    the color, dimensions, shape, form, texture, weight, appearance and flexibility of each product;
    (b)    the appearance of the package or container indicating the manner of packaging, size, dimensions, color and weight;
    (c)    the name, logo, label, numerical and alphabetical markings and other markings or words including warnings on the product and package or container; and
    (d)    the source of the information provided in response to this interrogatory.

**17A. I was exposed to asbestos throughout my time as a sheet metal worker from 1954 – 1955 and from 1958 through 1962 as well during my career as a firefighter for the Fire Department of the City of New York from 1962 through 1989.**

**During my time as a sheet metal worker described above, I spent approximately more than one full year at the Brooklyn Navy Yards. While at the Brooklyn Navy Yards I worked as a civilian aboard the U.S.S. Constellation for approximately 6 months as well as other ships and destroyers in dry dock there.**

**While performing my sheet metal duties, I was exposed to asbestos from the work I did as well as from the work of tradesmen around and in close proximity to me who were cleaning, maintaining, removing and installing asbestos insulation on boilers, pumps, valves, pump motors, generators, pipes, pipe covering, turbines, compressors, distilling plants, refrigerating units and blowers on the U.S.S. Constellation, as well as other ships dry docked at the Brooklyn Navy Yards.**

**Further, while working as a sheet metal worker, I also worked at numerous residential and commercial sites throughout New York City during this same period of time of 1954 to 1955 and again from 1958 – 1962.**

**While present at these numerous residential and commercial sites, I was exposed to asbestos from the work I did as well as from the work of tradesmen around and in close proximity to me who were cleaning,**

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

maintaining, removing and installing asbestos insulation on the boilers, pumps, valves, pump motors, generators, pipes, pipe covering and blowers.

I was also exposed to asbestos when I operated my own business, Fred Brown Painting from 1962 – 1990. During this time I would renovate homes throughout Manhattan, Brooklyn, Queens, and Nassau County. I was engaged in all manner of home renovation work including, but not limited to, painting, roofing, drywall, flooring and spackling.

In addition, I was exposed to asbestos when I changed the brakes on my personal vehicles as well as assisting fellow fireman at the F.D.N.Y. firehouse I was assigned to change the brakes on their personal vehicles.

Throughout the time described above I was specifically exposed to asbestos from the following, but not limited to, products and equipment listed below:

- Pipes
- Pipecovering
- Gaskets
- Packing
- Insulation
- Boilers
- Pumps
- Valves
- Generators
- Pump Motors
- Blowers
- Drum Brakes
- Joint Compound
- Sheetrock
- Turbines
- Distilling Plants
- Shingles/Roofing
- HVAC
- Electrical Equipment
- Floor Tile
- Spray Insulation
- Clutches

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

12

I was exposed to asbestos products and equipment that contained asbestos, made and sold by a large number of companies. Some I used myself, and others were used by people working around me. I cannot possibly remember all of them, but at this time I specifically recall being exposed to asbestos-containing products by working with and in close proximity to equipment manufactured by the following defendants:

## BOILERS:
- CLEAVER BROOKS
- FOSTER WHEELER

## PUMPS:
- AURORA
- BLACKMER
- BORG WARNER
- BUFFALO PUMPS, INC.
- BYRON JACKSON
- DeLAVAL
- GARDNER DENVER
- GOULDS
- INGERSOLL-RAND
- WARREN

## GENERATORS:
- GENERAL ELECTRIC
- WESTINGHOUSE

## PUMP MOTORS:
- GENERAL ELECTRIC

## VALVES:
- COPES VULCAN
- LESLIE

## JOINT COMPOUND:
- GEORGIA PACIFIC

## DRUM BRAKES:
- BENDIX

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

13

**CLUTCHES:**
- **BORG WARNER**

**TURBINES:**
- **GENERAL ELECTRIC**
- **WESTINGHOUSE**

**COMPRESSORS:**
- **INGERSOL RAND**
- **WORTHINGTON**

Weitz & Luxenberg, P.C. alleges, at the present time and upon information and belief, the Plaintiff was exposed to asbestos-containing products manufactured by, or insulation used on equipment manufactured by, or was exposed due to the negligence of:

AMCHEM PRODUCTS
AMERICAN BILTRITE INC.
AURORA PUMP
BIRD INCORPORATED
BLACKMER

BORG WARNER MORSE TEC
BUFFALO PUMPS

BW/IP, INC. AND ITS WHOLLY OWNED SUBSIDIARIES
CERTAINTEED CORP.
CLEAVER BROOKS COMPANY
CUTLER HAMMER, INC.
DAP, INC.
FORD MOTOR CO.
FOSTER WHEELER CORPORATION
GARDNER DENVER, INC.
GENERAL ELECTRIC COMPANY
GEORGIA PACIFIC, LLC
GOODYEAR CANADA, INC.
GOODYEAR TIRE AND RUBBER COMPANY
GOULD PUMPS LLC
HONEYWELL CORP., f/k/a ALLIED SIGNAL, INC., as successor in interest
IMO INDUSTRIES INC.
KARNAK CORPORATION
LEVITON MANUFACTURING CO., INC.
OWENS-ILLINOIS, INC.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

PFIZER, INC.
UNION CARBIDE
UNIROYAL(U.S. RUBBER)
VIACOM, INC., as successor by merger to CBS CORPORATION, f/k/a WESTINGHOUSE ELEC
WARREN PUMPS INC.

<u>Plaintiff's counsel</u> states that further identification of the defendants' products may be established by various co-workers of the decedent. Additionally, product identification may be established from invoices obtained from the defendant-manufacturers themselves. Plaintiff's counsel reserves the right to amend these Answers to Interrogatories as additional information becomes available.

<u>Plaintiff's counsel</u> further alleges that, at the present time and upon information and belief, the plaintiff was exposed to asbestos-containing products manufactured by, or insulation used on equipment manufactured by, or was exposed to asbestos due to the negligence of, the defendants named in the Plaintiff's lawsuit as well as asbestos-containing products and/or equipment manufactured, distributed, sold and/or contracted for use by some of the companies (or their legal predecessors) listed on Exhibit A.

<u>Plaintiff's counsel</u> further states that identification of the manufactures, sellers, distributors and users of the products to which the plaintiff was exposed, as well as any and all tort-feasors liable to plaintiff for causing or contributing to his contraction of an asbestos-related disease may be established by other witnesses, Interrogatory Answers of the tort-feasors, sales invoices and other evidence.

<u>Plaintiff</u> and <u>Plaintiff's counsel</u> reserve the right to amend and/or supplement this answer, as additional information becomes available.

18Q. If you have retired from your employment, set forth the following:
    (a)   whether said retirement was voluntary or involuntary;
    (b)   the effective date of said retirement;
    (c)   the name of your employer at the time of retirement;
    (d)   the reason for said retirement;
    (e)   whether your retirement was related to any claimed asbestos-related injury; and
    (f)   the amount of pension and/or retirement benefits you are receiving or entitled to receive.

18A.  (a) voluntary;
      (b) 1989;

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

15

(c) **FDNY (City of New York);**
(d) **Completed his 28 years for retirement**
(e) **No.**
(f) **2920/Month**

19Q. State whether you were exposed (either directly, through a co-worker or otherwise), to any Bankrupt Entity's Asbestos-Containing Materials, or products either mined or manufactured, sold, or distributed by a Bankrupt Entity. If so, state the following:

(a) As to each and every employer (including military service) you have had from the time you were first employed to the present, set forth the following, concerning Bankrupt Entities' products only:
   i.    Name of employer;
   ii.   Dates of employment;
   iii.  Asbestos-related jobsite and address where Bankrupt Entity's products were being used;
   iv.   Dates you were at the jobsite;
   v.    Job duties at the particular jobsite;
   vi.   Bankrupt Entity's Asbestos-Containing Materials or Products to which you were exposed;
   vii.  Other companies using Bankrupt Entity's Asbestos-Containing Material or Products at the jobsite; and
   viii. Whether you received any warnings with respect to the use of said product and the nature of those warnings.

(b) If you were exposed to, used, ingested or inhaled any Bankrupt Entity's Asbestos-Containing Products at any time other than in the scope of your employment, state for each such exposure:
   i.    the date, location and circumstances; and
   ii.   the type of product and the name of the manufacturer, distributor, and miner.

**19A. See answer to question 17.**

20Q. If you contend that you were exposed to, used, ingested or inhaled asbestos or Asbestos-Containing Products at any time other than in the scope of your employment, state for each such exposure:
   (a) the date, location and circumstances; and
   (b) the type of product and the name of the manufacturer, distributor, and miner.

**20A. Plaintiff performed auto mechanic work on cars for friends and family from 1960 to 1980. Plaintiff was exposed to asbestos from performing**

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

16

**brake replacements, clutch replacements, and engine work.**

21Q. Have you ever been a member of any labor union? If so, state:
   (a) the name and address of each local, national and international labor union;
   (b) the inclusive dates of your membership; and
   (c) any position(s) you held with each such labor union, and the dates during which you held such positions.

**21A. (a)  UFA/FDNY/FDNY Ret.**
   **(b)  1961-1989**
   **(c)  None.**

22Q. State whether you have ever seen or received any information, instruction, direction, warning, or directive, from any source whatsoever, concerning alleged dangers of exposure to asbestos materials and/or Asbestos-Containing Products, and if so, identify:
   (a) each such warning, directive, notification, direction, instruction, or information;
   (b) the means by which such was given to you;
   (c) the source and the date on which it was received by you; and
   (d) your response or reaction, including any complaints made or changes in work habits.

**22A. Plaintiff states that he was never warned of the harmful effects of exposure to asbestos before his asbestos-related injuries manifested themselves.**

23Q. State whether you had available for use during any period of your employment, respirators or masks or other dust inhalation inhibitor, or protective gear and, if so, state the following:
   (a) the period of time during which said items were available;
   (b) what instructions were given with regard to the use of each of said items;
   (c) whether you used said items and the dates of your use;
   (d) whether you ever requested said items, and, if so, when, where and to whom the request was made, and the response to the request.

**23A. Plaintiff states that he ONLY recalls using any respirators, mask, dust inhalation inhibitors or protective gear during any period of his employment at the Fire Department in Red Hook.**

24Q. If you are making a claim for loss of earnings or impairment of earning power because of you medical conditions, state the following:
   (a) date of commencement of any loss or impairment;
   (b) the name and address of your employer, your job title and your monthly or weekly rate of pay at the time of the alleged commencement of any loss or impairment;

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

17

(c)    if you had more than one employer during the three year period prior to the date of them commencement of any loss or impairment, as indicated on Chart A, provide your monthly or weekly rate of pay and inclusive dates of such employment during the three year period;

(d)    your total earnings for the period of three years prior to the commencement of any

### 24A. To be provided.

25Q. Do you claim damages for loss of consortium, society, affection, services, or sexual enjoyment? If so, please set forth in complete detail all facts on which this claim is based, including a complete description of the loss suffered.

### 25A. Not applicable.

26Q. For each person who is or was partially or totally dependent upon you for financial support and assistance during the last ten years, state:
  (i)   the name, address, sex, age and relationship; and
  (ii)  the amount you contributed during the last ten years for support and assistance.

### 26A. Not applicable.

27Q. State, in the form of an itemized list, all special damages alleged in this lawsuit including, but not limited to, hospital charges, medical charges medicines, lost wages, etc., naming the person or organization to whom each item of expense was paid or is due, and, if paid, by whom each item of expense was paid.

### 27A. Plaintiff's counsel is presently coordinating this information, which will be forwarded upon receipt; defendants are also directed to records received from RecordTrak.

28Q. Identify and give the substance of all written statements, recordings, or videotapes which relate to the facts of this lawsuit and the damages you claim given by plaintiff or any witness (provided such information is in plaintiff's possession, custody or control and/or such statements, recordings or videotapes are not protected by attorney-client privilege) in the above-captioned matter.

### 28A. Objection. Unduly broad and vague. Subject to this objection, Plaintiff responds as follow: At this time, Plaintiff has no such written statements, recordings, or video tapes which relate to the face of this lawsuit, and had no basis for knowing of any witnesses except for those previously listed.

29Q. Have you ever made any claim for, or received any, health or accident

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

18

insurance benefits, social security benefits, state or federal benefits for disabilities, workers' compensation benefits, veterans' benefits, tort claims of suits, Federal Employers Liability Act claims or suits, Longshoremen and Harbor Workers Act claims or suits, unemployment compensation insurance benefits, or early payment from any public of private pensions due to disability or your medical condition? If so, state the following:

    (i)    the date and place where each such claim was made;
    (ii)   the name and nature of the entity with which the claim was made;
    (iii)  any identifying number, such as a docket or petition number, for each claim;
    (iv)  the defendant, agency, insurer, employer or other entity to or against whom the

claim was made and its file number;

    (v)   the nature of the claim;
    (vi)  whether you were examined by a physician and if so, the name and address of that physician;
    (vii)  the result of such claim, including the amount realized by way of settlement, judgment or award upon the claim;
    (viii) the name and address or any attorney who represented you with regard to such claims; and
    (ix)  whether you are presently receiving such benefits.

### 29A. None.

30Q. State the following with regard to your asbestos-related legal action:
    (a)   Did you file an asbestos-related claim in more than one jurisdiction;
    (b)   Identify all of the jurisdiction (s) where an asbestos-related claim has been filed (whether or not these claims have been dismissed or discontinued or otherwise resolved) on your behalf;

    (c)   Did you file your asbestos-related claim(s) under more than one Index Number; and
    (d)   Provide all of the Index Numbers for all of you asbestos-related claim(s), including all multiple Index Numbers for claims filed in New York County.

### 30A. Plaintiff's counsel, on behalf of plaintiff, has filed only this lawsuit in New York State, County of New York, under Index Numbers

31Q. State whether or not you have made, filed, or submitted a Claim Against Bankrupt Entity or received funds in settlement from a Bankrupt Entity. If so, for each claim state the following:
    (a)   the date and place where each such claim was made;
    (b)   the name and nature of the entity with which the claim was made;
    (c)   any identifying number, such as a docket or petition number for

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

19

each claims;

(d) the defendant, agency, insurer, employer or other entity to or against whom the claim was made and its file number;

(e) the nature of the claim;

(f) whether you were examined by a physician and if so, the name and address of
that physician; and

(g) whether you received any compensation as a result of such claim, but not the amount.

**31A. Plaintiff has not filed a claim against nor received any funds from any Bankrupt Entities.**

**Plaintiff's counsel, on behalf of the plaintiff, has not filed claims against any Bankrupt Entities**

32Q. State whether you have applied to any Bankrupt Entity or Bankruptcy Court to lift the stay as to your claim or otherwise have attempted to join a Bankrupt Entity to this action.

**32A. Neither plaintiff nor plaintiff's counsel on plaintiff's behalf ha applied to any Bankrupt Entity or Bankruptcy Court to lift the stay as to plaintiff's claim or otherwise attempted to join a Bankrupt Entity to this action.**

33Q. Have you or your spouse ever been a party to or witness in any lawsuit, court, or administrative proceeding? If so, please state:

(a) whether you or your spouse were a party or witness and if party, whether plaintiff or defendant;

(b) the precise name of the lawsuit or proceeding, the court agency in which it was brought and the docket number;

(c) the nature of the charges or claim and, if you or your spouse were a witness, the subject matter of the testimony;

(d) the disposition of the case.

**33A. None.**

34Q. Have you or your spouse filed a claim seeking compensation for any alleged asbestos-related condition from any entity, including settlement trust? Specify "Yes" or "No" only.

**34A. See Answer to Question 31.**

35Q. Identify all entities, whether or not parties to this lawsuit, with whom you have

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

20

settled or agreed to settle this lawsuit.

35A. **Plaintiff has not settled nor agreed to settle this lawsuit with any entities.**

   **Plaintiff's counsel, on behalf of the plaintiff, has not settled or agreed to settle plaintiff's lawsuit with any entity.**

36Q. Identify all persons, other than your attorneys, who provided you with any information used in answering these interrogatories, and state the particular information each person supplied.

36A. **The plaintiff relied upon myself in answering these interrogatories except where indicated otherwise.**

## REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Section VIII (B) (2) (b) of the CMO, the defendants request that plaintiffs produce for inspection and copying, the documents and things identified below. The documents and things identified herein shall be produced for inspection and copying at such time as the answers to the interrogatories herein are filed. The following requests include, but are not limited to, documents that relate to Bankrupt Entities.

You are hereby requested to produce the following documents and things:

1. All documents identified in your answers to these interrogatories.

R.1. **Documents responsive to this Document Demand will be made available for photocopying and inspection, upon request, at the offices of Weitz & Luxenberg at a mutually convenient date and time. You may also request electronic copies in the form of a PDF by sending an e-mail to the following address: Nwarburton@weitzlux.com**

   **Please note the Plaintiff's name and the Index Number of the case in your request.**

   **Additionally we will make a copy of the documents responsive to Defendant's Demands to Produce available at Plaintiff's deposition.**

2. All documents relating to the plaintiff's job qualifications and professional licenses held.

R.2. **To the extent that any exist, they will be provided.**

3. All documents relating to the plaintiff's membership in any labor trade association or professional organization.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

**R.3. To the extent that any exist, they will be provided.**

4. All documents relating to the plaintiff's military or foreign service, including and not limited to, personnel records, discharge papers, military occupational specialty qualifications, promotions, reductions or disciplinary actions.

**R.4. To the extent that there are any available, RecordTrak has been provided with a duly executed authorization.**

5. All documents relating to any claim or demand ever made by the plaintiff of the plaintiff's decedent for damages, compensation or other benefits allegedly resulting from any illness or injury, including but not limited to, Claims Against Bankrupt Entities, Industrial Accident Board records, social security disability claim records, federal or state employment compensation claim records, social disability records, pension claim record or any other health or accident insurance claim records.

**R.5. To the extent that there are any available, RecordTrak has been provided with a duly executed authorization.**

6. All documents in plaintiff's possession, custody or control relating in any way to the plaintiff's exposure or possible exposure to asbestos, Asbestos-Containing Products and/or Asbestos-Containing Materials.

**R.6. Objection, attorney/client privilege; to the extent that this request does not invade such privileges, Plaintiff does not have any such material.**

7. All documents relating in any way to the plaintiff's exposure or possible exposure to silica, acids, beryllium, nuclear radiation, ammonia, cadmium, chlorine, chromate, phosgene, grinding dust, coal dust, cotton dust, nickel, welding smoke or fumes.

**R.7. Plaintiff does not specifically recall if he was ever exposed to the substances listed, but nonetheless does not have any of the materials asked for.**

8. All documents, of which you have ever become aware, relating in any way to warnings, potential health hazards, instructions or precautions regarding the use or handling of, or exposure to, asbestos, Asbestos-Containing Products, and/or Asbestos-Containing Materials.

**R.8. To the extent that there are any available, RecordTrak has been provided with a duly executed authorization.**

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

9.   All applications prepared or submitted by or on behalf of the plaintiff for life insurance, medical insurance, health and accident insurance, and/or disability insurance.

**R.9. Plaintiff has no such documents in his possession.**

10.  All statements, recorded interviews, films, videotapes, reports, questionnaires, forms or other documents made, submitted, compiled, prepared or filled out by, on behalf of, or under the direction of, plaintiff relating in any way to exposure or alleged exposure to asbestos, Asbestos-Containing Products and/or Asbestos-Containing Materials or any other issues relating to this lawsuit except that information prepared by, for, or at the request of plaintiff's counsel must be identified (including the date made), but need not be produced without an order by the Court, provided that written or recorded communication between plaintiff and counsel, made after an attorney-client relationship has been established, and attorney work product, need not be produced or identified.

**R.10. Objection. Attorney/client privilege; work product privilege. To the extent that this request does not invade any such privilege, Plaintiff does not have any such material.**

11.  All records relating to comment, complaints, suggestions, or proposals made to your employer or your union, by yourself or by other employees of union members regarding asbestos exposure.

**R.11. Plaintiff has no such material in his possession.**

12.  All written, recorded, filmed, transcribed or videotaped statements of all parties and non-party declarants pertaining to the subject of this lawsuit, except that information prepared by, for, or at the request of plaintiff's counsel must be identified (including the date made), but need not be produced without an order by the Court, provided that written or recorded communication between plaintiff and counsel, made after an attorney-client relationship has been established need not be produced or identified.

**R.12. Objection. Attorney/client privilege; work product privilege. To the extent that this request does not invade any such privilege, Plaintiff does not have any such material.**

13.  All photographs of the plaintiff at work or in work clothes and all photographs of all products or conditions complained of in the plaintiff's place of employment.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

23

**R.13. To the extent that any exist, they will be provided.**

14. Copies of all itemized bills covering all the special damages and losses and expenses claimed in this matter.

**R.14. To be provided; Defendants are also directed to RecordTrak.**

15. Copies of all reports, correspondence and records from any doctor who has examined the plaintiff, any hospital where plaintiff has been treated either as an inpatient or as an outpatient, except for any reports, records, correspondence, or communications used by any consulting physicians who have been retained or specially employed in the anticipation of litigation or preparation for trial and who are not expected to be called as a witness at trial.

**R.15. RecordTrak has all available medical records.**

16. All tissue specimens, tissue slides, and x-ray films pertaining to the plaintiff.

**R.16. RecordTrak has all available medical records.**

17. Copies of plaintiff's income tax records for the last ten years as well as any other documents, including economic loss reports, upon which plaintiff relies in support of his claims. If loss of earnings or earning capacity is alleged or claimed to have occurred before the current year, include copies of the income tax returns of the plaintiff from ten years prior to the claimed loss and up to the current tax year.

**R.17. RecordTrak has all available income tax records.**

18. Any asbestos and/or asbestos-containing products of the type to which the plaintiff alleges exposure which the plaintiff has in his possession, custody or control.

**R.18. To the extent that any exist, they will be provided.**

19. All photographs, charts, drawings, diagrams or other graphic representations depicting work conditions at work sites where plaintiff claims he was exposed to asbestos or asbestos-containing products.

**R.19. To the extent that any exist, they will be provided.**

20. All invoices, bills, statements and any other writings or records which plaintiff contends evidence the sale of any products containing asbestos to the place of plaintiff's employment at which plaintiff claims

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

24

that he was exposed to asbestos.

**R.20. To the extent that any exist, they will be provided.**

21. Any written advice, publication, warnings, order, directive, requirement, or recommendation, which advised or warned of the possible harmful effects of exposure to or inhalation of asbestos or asbestos-containing products in the possession, custody or control of the plaintiff.

**R.21. Plaintiff has no such material in his possession.**

22. Any accident or incident reports which relate to the facts, circumstances or incidents which form the basis of plaintiff's complaint.

**R.22. To the extent that any exist, they will be provided.**

Dated:     New York, New York
           *October 19*   , 2017

Respectfully submitted,

Patrick Finley, Esq.)
Weitz & Luxenberg, P.C.
Attorneys for Plaintiff
700 Broadway
New York, NY 10003
(212) 558-5655

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

## EXHIBIT A

Bankrupt Entity may include, without limitation, one or more of the following:

AC and S, Inc; Artra Group, Inc. (Synkoloid); Amatex Corp.; A.P. Green Industries; Armstrong World Industries; Babcock & Wilcox; Bethlehem Steel; Burns & Roe Enterprises; C.E. Thurston.; Celotex Corp.; Combustion Engineering; Eagle-Picher; Eastco Industrial Safety Corp.; Federal Mogul; Fibreboard; Flintkote; Forty-Eight Insulations, Inc.; Fuller-Austin Insul.; G-1 Holdings (GAF Corp.); Harbison-Walker Refractories Co.; H.K. Porter Co.; Norberts-Manville Co.; J.T. Thorpe; Kaiser Aluminum; Keene Corp., M.H. Detrick; National Gypsum Co.; Nicolet, Inc.; North American Refractories; Owens Corning; PACOR; Pittsburgh Corning; Plibrico Refractories; Porter-Hayden; Quigley/Pfizer; Raytech; Rock Wool Mfg.; Rutland Fire & Clay; Shook & Fletcher; T.H.A.N.; UNR Industries, Inc.; USG (US Gypsum) Corp.; US Mineral; Washington Group Int'l, Inc.; Western Asbestos; Worthington; W.R. Grace.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

## CHART A
## EMPLOYER/JOBSITE HISTORY FOR
## FREDERICK G. BROWN

| Name of Employer | Dates of Employment | Asbestos-related Jobsite & Address | Dates You Were at Jobsite | Job Duties | ACM* Used Personally, By Coworkers, BY Other Companies On Site And To Which You Were Otherwise Exposed | Coworkers on Jobsite, including supervisor |
|---|---|---|---|---|---|---|
| ED Rakison Sheet Metal Shop | 1954-1955 | Union Street 5th Avenue Brooklyn, NY | 1954– 1955 | Sheet Metal Worker | see Interrogatory Answer #17 | see Interrogatory Answer #17 |
| ED Rakison Sheet Metal Shop | 1958–1959 | Freeport, NY | 1958–1959 | Sheet Metal Worker | see Interrogatory Answer #17 | see Interrogatory Answer #17 |
| US Government | 1959 – 1961/1962 | Brooklyn Navy Yard, NY | 1959 – 1961/1962 | Sheet Metal/Duct Worker | see Interrogatory Answer #17 | see Interrogatory Answer #17 |
| US Government | 1959 – 1961/1962 | USS Constellation (6 month) | 1959 – 1961/1962 | Sheet Metal/Duct Worker | see Interrogatory Answer #17 | see Interrogatory Answer #17 |
| US Government | 1959 – 1961/1962 | USS Constitution (6 month) | 1959 – 1961/1962 | Sheet Metal/Duct Worker | see Interrogatory Answer #17 | see Interrogatory Answer #17 |
| FDNY | 1962 – 1989 | FDNY Red Hook, NY | 1962 – 1989 | Fire Fighter | see Interrogatory Answer #17 | see Interrogatory Answer #17 |
| Fred Brown Paintings | 1962 – 1990 | Various Residential Homes in Brooklyn | 1962 – 1990 | Labor | see Interrogatory Answer #17 | see Interrogatory Answer #17 |

Pathology Reports

Accession Number:     Date Collected:          Date Received:           Pathologist
01-MS-17-005139       4/28/2017 09:20 EDT      4/28/2017 09:20 EDT      Yin MD (Path),Yongmei Diana

**Gross Description**
Measurements: 8.4 x 3.7 x 3.3 cm
Weight: 18.9 g
Pleural surface: bluish gray and smooth with whitish indurated, ill circumscribed area approximately
0.8 cm in diameter, at 1.2 cm from the nearest stapled resection margin.

**Tumor:**
Measurements: approximately 1.0 cm in diameter
Description: white tan, firm, well-circumscribed

The uninvolved parenchyma away from the tumor is red, glistening and unremarkable.
Representative sections are submitted as follows:
1= staple line margin, en face
2-4= tumor (whitish indurated pleural surface is inked in red)
5= tissue away from tumor

C: Specimen labeled "left level VII #1" is received in formalin and consists of a 1.4 x 0.6 x 0.4 cm
irregular piece of brownish black soft tissue.
The specimen is sectioned and submitted entirely in one cassette.

D: Specimen labeled "left level VII #2" is received in formalin and consists of a 1.2 x 1.0 x 0.5 cm
lymph node with adjacent soft tissue.
The specimen is sectioned and submitted entirely in one cassette.

E: Specimen labeled "left level IX, #1" is received in formalin and consists of a 1.8 x 0.9 x 0.6 cm
segment of lymph node with adjacent soft tissue.
The specimen is sectioned and submitted entirely in one cassette.

F: Specimen labeled "left level XI, #1" is received in formalin and consists of a 0.8 x 0.5 x 0.2 cm
segment of lymph node.
The specimen is sectioned and submitted entirely in one cassette.

Performed by Nina Yermolayeva, PA – 4/28/2017 2:20:06 PM

*Nina Yermolayeva    NY  28.04.17 1:33*

**Microscopic Description**
Results of Immunopathology studies (paraffin tissue sections):

Test:                          Results:
TTF-1                          **Positive**

## Pathology Reports

| Accession Number: | Date Collected: | Date Received: | Pathologist |
|---|---|---|---|
| 01-MS-17-005139 | 4/28/2017 09:20 EDT | 4/28/2017 09:20 EDT | Yin MD (Path),Yongmei Diana |

**Microscopic Description**

P40                      **Negative**

Special stains

**PASD**                 positive

**Mucicarmine**        Positive

### These results support the diagnosis.

Note: Negative and positive controls are acceptable.
These tests were developed and the performance characteristics determined by New York Methodist Hospital Pathology
department. The FDA has determined that their approval or clearance is not necessary.

**Diagnosis**
A Frozen section diagnosis:

    B. Left lower lobe lung superior segment , resection:
**Adenocarcinoma,  1.4 cm,  p T1a N0**

### Surgical Pathology Cancer Case Summary

Specimen type and laterality- **Lung, left.**
Procedure- **segmentectomy and lymph node dissection**
Tumor, histologic Type- (WHO Classification) **Adenocarcinoma**
Histologic Grade- **Moderately differentiated**
                  **Acinar predominant, with focal solid area.**
Tumor Location- **Left lung**
Tumor Size- **1.4  cm ( B3)**
Tumor focality- **unifocal.**
Visceral pleural invasion- **Not identified**
Tumor extension- **Confined within pulmonary parenchyma**
Lympho-vascular Invasion- **Negative**
Margins_
*Parenchymal margin- Negative*
Distance of Invasive Carcinoma From Closest Margin **1.2 cm**
Treatment effect ( neoadjuvant)- **Not identified**
Non-Neoplastic Lung- **Unremarkable**
Lymph Nodes: 0/4
Number examined station  4
Number involved station  0

*Pathology Reports*

| Accession Number: | Date Collected: | Date Received: | Pathologist |
|---|---|---|---|
| 01-MS-17-005139 | 4/28/2017 09:20 EDT | 4/28/2017 09:20 EDT | Yin MD (Path),Yongmei Diana |

**Diagnosis**
Additional Pathologic Findings- **Focal atelectasis**
**Stage- p T1a N0 M**

C: Specimen labeled "left level VII #1" , Dissection:
**Negative one lymph node, no tumor seen (0/1).**

D: Specimen labeled "left level VII #2" , Dissection:
**Negative one lymph node, no tumor seen (0/1).**

E: Specimen labeled "left level IX, #1" , Dissection:
**Negative one lymph node, no tumor seen (0/1).**

F: Specimen labeled "left level XI, #1 , Dissection:
**Negative one lymph node, no tumor seen (0/1).**

### Intradepartmental review

*\*\*\*Electronically Signed Out\*\*\**
*Yongmei Diana Yin, M.D.   718-780-3666*
*Attending Pathologist*
*Reported Date:05/03/2017 17:37 EDT*
*The attending pathologist whose signature appears on this report has reviewed the diagnostic slides, and has edited the gross and microscopic portions of the report in rendering the final diagnosis.*

### Intraoperative Consultation – 4/28/2017 09:42 EDT – Auth (Verified)

**Intraoperative Consultation**
Frozen section diagnosis:

A. (Left lower lobe lung superior segment) Non-small cell carcinoma with gland formation.

*\*\*\*Electronically Signed Out\*\*\**
*Elizabeth A. Wu, M.D.   718-780-3672*
*Attending Pathologist*
*Reported Date:04/28/2017 09:42 EDT*
*The attending pathologist whose signature appears on this report has reviewed the diagnostic slides, and has edited the gross and microscopic portions of the report in rendering the final diagnosis.*

*Diagnostic Radiology*

| EXAM DATE/TIME | ACCESSION | PROCEDURE | ORDERING PROVIDER |
|---|---|---|---|
| 4/30/2017 09:24 EDT | 01-XR-17-042982 | XR Chest - Portable | Stedman (MD),Jennifer |

**Reason For Exam**
(XR Chest - Portable) CT Removal this Am

## VERIFICATION

STATE OF: _New York_

COUNTY OF: _Queens_

Frederick G. Brown, being duly sworn, deposes and say:

I am the Plaintiff in the action entitled <u>Frederick G. Brown v. Amchem Products, Inc., et al, (defendants)</u>. I have reviewed the foregoing **PLAINTIFF'S RESPONSE TO DEFENDANTS' FOURTH AMENDED STANDARD SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS** and know the contents thereof attributed to me to be true to the best of my own knowledge except as to the matters stated to be alleged on information and belief or as to those matters provided by co-workers or my attorneys, and as to those matters, I believe them to be true.

_Frederick G Brown_

Frederick G. Brown

Sworn to before me this
17TH day of October 2017.

_Notary Public_

Notary Public

NATALIE JONES
Notary Public, State of New York
No. 01JO6329113
Qualified In Queens County
Commission Expires August 17, 20_1ᵗ_

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003